■ PEDRO DIEGUEZ et al., Respondents, v MONTICELLO CENTRAL SCHOOL DISTRICT et al., Defendants, and ANTONIO ME-

DINA, Appellant. [658 NYS2d 764] —Mikoll, J. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered July 12, 1996 in Sullivan County, which denied a motion by various defendants to dismiss the complaint against defendant Antonio Medina.

On September 20, 1994, while operating a school bus owned by defendant Monticello Central School District, defendant Antonio Medina was involved in a motor vehicle accident with a motorcycle driven by plaintiff Pedro Dieguez. On or about November 21, 1995, Dieguez and his wife commenced this action against the District, Medina and other defendants for personal injuries sustained by Dieguez as a result of the accident. In lieu of serving an answer, the District and Medina moved to dismiss the complaint for failure to commence the action within the one-year time period provided by Education Law § 3813 (2-b). Supreme Court granted the motion with respect to the District, but denied it with respect to Medina. Medina appeals.

We affirm. Education Law § 3813 (2-b) provides, in pertinent part, that "no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose". The entities described in Education Law § 3813 (1) include: "[a] school district, board of education, board of cooperative educational services, school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or any officer of a school district, board of education, board of cooperative educational services, or school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four". To the extent that Medina was only an employee of the District and not one of the entities named in the statute, we agree with Supreme Court that the statute does not preclude the action from proceeding against him. Therefore, Supreme Court's order is affirmed.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.